## Ellen B. Hogan v. Kate Hogan Wallace.

1. AMBIGUITIES—*Latent, Appearing in Instruments.*—Where a latent ambiguity appears in a certificate of a fraternal beneficiary association as to the beneficiary intended, and an attempt is made to identify such beneficiary, the testimony of the person who drew the application for membership in such association is admissible to show the circumstances under which the certificate was made, but testimony as to what the deceased member, after the making of the certificate, said as to his intentions is not.

**Bill of Interpleader.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

### STATEMENT OF THE CASE.

This was a bill of interpleader filed by the High Court of the Independent Order of Foresters, against the appellant, Ellen B. Hogan, and the appellee, Kate Hogan Wallace.

The complainant is a fraternal and benevolent organization, the object of which is " to give charitable and moral aid to its members, and to secure pecuniary aid to the widows, orphans, heirs and devisees of deceased members of said order."

On August 6, 1884, it issued its certain benefit certificate in the sum of $1,000 to one Michael Hogan, now deceased, said sum being payable at his death to " Mrs. Kate Hogan, his wife." In 1872, Michael Hogan married the appellant, Ellen B. Hogan, who lived with him continuously as his wife from that date until his death in February, 1895. Six children were born of that marriage, one of whom is dead, and five of whom are now living with appellant.

Kate Hogan Wallace is a sister of the said Michael Hogan, deceased. She was married to her husband, James Wallace, in 1878, six years before the issuance of the certificate in question. She has lived with him as his wife from that date to the present time. She has never lived with Michael Hogan since her marriage. She was never dependent upon him. Mr. Wallace has always supported his family, and he is now living.

Kate Wallace styles herself Kate Hogan Wallace, and claims to be the beneficiary intended to be named in the certificate.

It appears that a written application was made by Michael Hogan for the insurance. He signed that application by his mark, and Mrs. Wallace testifies that he could neither read nor write. The application referred to contains a direction that all benefit be paid to " Kate Hogan, related to me as wife, subject to my future disposal of the benefit to my widow, orphans, heirs or devisees, as I may hereafter direct, in compliance with the laws of the order." It also bears the indorsement, " Pay to Katie Hogan, wife."

Dr. James Lawless, a witness for Mrs. Wallace, testified

that the application is in his handwriting; that he filled it out at Michael Hogan's dictation; that witness then asked him to whom he wished the benefit payable, and he said, "Kate Hogan;" that he asked him if that was his wife's name, and he did not answer, so that the witness "supposed it was his wife," and so described her.

Stillman & Martyn, attorneys for appellant, contended that in construing an insurance policy it should be treated, as far as possible, as a will. Niblack on Ben. Soc. & Ac. Ins., Sec. 179.

The alleged declarations of the deceased were inadmissible. 1 Greenleaf on Evidence, Sec. 290; Stephen's Dig., Art. 91 (6), (7) and (8); Wigram on Wills, prop. VII, page 188; Jarman on Wills, Vol. I (6th Ed.), *349; Drake v. Drake, 8 H. of L., *172; Charter v. Charter, L. R., 7 H. L. 364; Richards v. Miller, 62 Ill. 417; Broomfield v. Wilson, 78 Ill. 467; Hiscocks v. Hiscocks, 5 M. & W. *363; Thayer v. The City of Boston, 1 Paige (Ch.) 290.

The description of the beneficiary as the wife of the insured will prevail over the name. Coke upon Littleton, 3a; Connolly v. Pardon, 1 Paige (Ch.) 290; Adams v. Jones, 21 L. J. 252; Bachmann v. Supreme Lodge, 44 Ill. App. 188; McKinnon v. The People, 110 Ill. 305; Kreitz v. Behrensmeyer, 125 Ill. 141.

Farson & Greenfield, attorneys for appellee.

Latent ambiguities which may be explained by parol fall into two classes: First, where the description of the devisee or subject-matter of devise is clear on the face of the will, but on inquiry it is found that the words describe two or more persons or things with equal accuracy, so unless it can be shown by intrinsic evidence to which the testator intended his words to apply, the devise must fail for uncertainty; and second, where the description of the devise or of the devisee is correct in part and in part incorrect, as where devisee's name is correctly given, but his residence, or some other circumstance descriptive of the

person or thing, is incorrect. Miller v. Travers, 8 Bing. 244.

In the case of a latent ambiguity it is certain that explantory declarations made at the time of execution are admissible. Harris v. The Bishop of Lincoln, 2 P. Wms. 137, and Thomas v. Thomas, 6 T. R. 671.

See also Clark v. Powers, 45 Ill. 284; Fisher v. Quackenbush, 83 Ill. 310; Sharpe v. Thomas, 100 Ill. 447; Stevens v. Wait, 112 Ill. 548; Bowen v. Allen, 113 Ill. 59; Riebling v. Tracy, 17 Ill. App. 162; Bradish v. Yocum, 130 Ill. 392; Halliday v. Hess, 147 Ill. 588; Mason v. Merrill, 129 Ill. 507.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

A latent ambiguity appearing in the instrument when an attempt was made to identify the beneficiary designated by the deceased, the testimony of Doctor Lawless was admissible to show the circumstances under which the certificate was made, and the words "Pay to Mrs. Kate Hogan, his wife," written therein. Decker v. Decker, 121 Ill. 341–350; Harris v. The Bishop of Lincoln, 2 P. Wms. 137; Thomas v. Thomas, 6 T. R. 671.

The testimony as to what the deceased, after the making of the certificate, said he had intended and promised was improperly received. The question before the court was, to whom did Michael Hogan, when he made application for the certificate, intend it should be made payable; not what he intended or said the next day or year; or what he promised his son or his wife. His intentions, afterward, may have been very different from what they were when he obtained the certificate.

It is highly improbable that Michael Hogan can, when directing that the certificate be made payable to Kate Hogan, have thought that he had directed that it be paid to Mrs. Ellen Hogan, his wife.

Hogan being unable to read or write, the testimony of Dr. Lawless, by whom the certificate was written, shows how the mistake occurred.

From this testimony it appears that Michael Hogan did not mention his wife, or say anything concerning her when the certificate was written; but that, after directing that it be made payable to Kate Hogan, in answer to the question, "Well, is that your wife?" he again said "Kate Hogan," and Doctor Lawless, supposing that was the name of Michael's wife, wrote "Mrs. Kate Hogan, his wife." It also appears that at the time the certificate was made, he was indebted to his sister, Kate Hogan, in the sum of $1,000.

The reservation in the certificate, "subject to my future disposal of the benefit to my widow, * * * as I may hereafter direct," indicates that Michael Hogan did not then think that he had directed payment to be made to his wife.

From the circumstances surrounding the making of the certificate, we think that the chancellor rightly found that the words "Kate Hogan" correctly described the person to whom it was by Michael intended the insurance should be, and to whom it was, made payable, and the words "his wife" are to be rejected.

Kate Hogan then was a possible heir of her brother, Michael, and the one to whom the certificate was, by his designation, made payable; this is all the charter in this regard required.

The decree of the Superior Court directing the payment of the insurance to Kate Hogan Wallace is affirmed.